# GORDON T. OLSEN *v.* STATE TAX COMMISSION

Mr. Joe B. Richards, Eugene, Oregon, represented plaintiff; Mr. Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered May 5, 1967.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from the tax commission's order approving the action of the Lane County Assessor in adding certain property to the assessment roll as omitted property.

The facts are undisputed and have been stipulated. Plaintiff owns a city lot in Eugene, Oregon. As of January 1, 1961, the lot contained a one-family dwelling. During 1961 the house was torn down and an eight unit apartment building was constructed on the lot. The assessor's office overlooked the new apartment building and for the years 1962 to 1965 carried the property on the assessment rolls as the old dwelling house valued at $2420. In early 1966 it was discovered that the old dwelling house had changed into a fine new apartment building. The assessor's office then added the new building to the rolls for 1962 to 1965 as omitted

property[1] with a value of $50,100. The new value is not in dispute.

The plaintiff's position is that the assessor's actions in carrying the dwelling house on the rolls during the years involved constituted an under valuation of the property and not an omission of the property.

■ It was not a case of under valuation of the property and the assessor was correct in adding the apartment house to the rolls as omitted property under ORS 311.207. The valuation of the old dwelling carried on the rolls was on a nonexistent building. The new apartment house did not appear on the rolls because its existence was unknown, at least to the taxing authorities. The situation is comparable to tearing down an old barn valued at $500 on a 30-acre farm and replacing it with a modern aluminum plant. It could hardly be argued that the aluminum plant was on the assessment roll if such roll still carried the improvement on the property at a valuation of $500.

---

[1] The statutes dealing with omitted property are ORS 311.205 to 311.220. ORS 311.207 contains the definition of omitted property: "(1) Whenever, after the return of the assessment rolls to the county assessor by the board of equalization, the assessor discovers or receives credible information, or if he has reason to believe that any real or personal property, including property subject to assessment by the State Tax Commission, *or any buildings, structures, improvements or timber on land previously assessed without the same,* has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last roll so returned, he shall give notice as provided in ORS 311.209." (Emphasis supplied.)