# IN THE OREGON TAX COURT

## WEST FOODS, INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 1748)

Gregory R. Mowe, Stoel, Rives, Boley, Fraser and Wyse, Portland, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered January 15, 1985.

**EDWARD H. HOWELL, Judge Pro Tem.**

Plaintiff appeals from an order of the Department of

Revenue denying plaintiff's claim for a property tax exemption for certain property used in the growing of mushrooms at its plant in Salem. Originally the true cash value of the mushroom plant was also an issue but at trial the parties have agreed upon the value.

■    The tax year involved is 1980-1981 and at that time[1] ORS 310.608 (now ORS 307.400) provided in pertinent part:

"(2)    All inventory shall be exempt from ad valorem taxation.

"(3)    As used in subsection (2) of this section, 'inventory' means the following tangible personal property:

"(a)    Farm machinery and equipment used in the planting, raising, cultivating or harvesting of farm crops or used for the purpose of feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or bees or for dairying and the sale of dairy products or any other agricultural or horticultural use or animal husbandry or any combination thereof."

■    The defendant found that the growing of mushrooms did not qualify as a "farm" in relation to the statute allowing an exemption for "farm machinery and equipment." The growing process for mushrooms consists of preparation of the compost which is a mixture of straw, manure and some topsoil. The compost is pasteurized and placed in wooden racks called growing beds in the growing rooms in concrete block buildings. Mushroom spores are seeded into the compost, the mushrooms harvested and the growing process repeated approximately four times per year. I find that mushroom growing in plaintiff's sheds constitutes an "agricultural or horticultural use" within the above statute. Except for the fact that mushrooms are grown indoors, I see no difference between mushroom growing and any other farm crop.

The next issue is whether the growing beds constitute personal property as plaintiff contends and therefore are eligible for the exemption.

The growing beds are made of wood and extend the

---

[1] Formerly ORS 310.608 allowed a property tax exemption for farm inventory. In 1975, "inventory" was defined as farm machinery used in "planting, cultivating, or harvesting of farm crops." In 1977, the definition was broadened to include farm machinery "and equipment" used for "any other agricultural or horticultural use."

length of the buildings separated by a central aisle. The beds are in tiers extending seven tiers high with a catwalk in the middle. The boards upon which the catwalk rests are "toe-nailed" into the side walls of the building and the vertical posts are also attached to the ceiling in the same manner. The beds are not bolted or attached to the concrete floor. There was testimony that attaching the beds to the ceiling and walls is only for the alignment and construction of the beds and was not for support of the beds. The bottom bed boards or slats in each of the growing beds upon which the compost is placed are completely loose and are removed and stacked up during the filling and removal of the compost.

In *Marsh v. Boring Furs, Inc.*, 275 Or 579, 551 P2d 1053 (1976), the Supreme Court held that mink pens suspended from sheds that housed the pens were real property. The court quoted Brown on Personal Property (3rd ed 1975) § 16.1, at 517:

" '* * * Would the ordinary reasonable person validly assume that the article in question belongs to and is part of the real estate on which it is located—such assumption to be based on a consideration of the nature of the article itself, permanent or temporary; the degree of its attachment, firm or slight, and whether, according to the custom of the time and place the article was an appropriate and ordinary adjunct to the land or building in which it was located?' "

The court also stated that if the property is located in a building specially prepared for it a strong inference arises that it was intended to become a part of the realty.

In my opinion, the growing beds and the buildings housing the beds are a single economic unit and are part of the realty. While the slats are loose and are removed at times during the replacement of old compost with new compost most of the time the slats are covered with several inches of compost.

## OMITTED PROPERTY

The defendant contends the county is entitled to assess the growing beds[2] as omitted property for the years 1975 through 1979 under ORS 311.207, which states in part:

---

[2] The growing beds involved are 1-10, 30-39, 40-49, 55-65, 67-78.

"(1)   Whenever, after the return of the assessment rolls to the county assessor by the board of equalization, the assessor discovers or receives credible information, or if he has reason to believe that any real or personal property, including property subject to assessment by the Department of Revenue, or any buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last roll so returned, he shall give notice as provided in ORS 311.209."

The mushroom operation was appraised by Marion County in 1973 and the true cash value of the plant placed on the assessment roll. The property was appraised next as of January 1, 1980. In the meantime, between 1973 and 1980, the only additions made to the plant were the construction of beds 11-22 in 1975 and beds 79-104 in 1978. Plaintiff contends and defendant denies that the construction of beds 11-22 in 1975 were reported as additions to the real property. Plaintiff concedes that the construction of beds 79-104 in 1978 were not reported and agrees that an assessment against beds 79-104 as omitted property is correct.

Apparently from 1973, the time of the first appraisal, until 1975, when beds 11-22 were added, the plaintiff was paying taxes on the true cash value of the mushroom plant as determined by the 1973 appraisal of the plant. The defendant contends that the growing beds involved (except 11-22 and 79-104 built after the 1973 appraisal) were left out of the 1973 appraisal and therefore are omitted property under the statute and subject to taxes for the five years 1975 to 1979, inclusive. The defendant's appraiser who made the 1980 appraisal testified that the field notes made for the 1973 appraisal included the growing rooms but did not include the growing beds in the rooms. According to him, the former appraiser simply "missed" the growing beds.[3] The appraiser testified that the growing beds in 1973 would be an integral part of the growing rooms and would be considered as real property.

■   ORS 311.207, *supra,* states, in effect, that if any

---

[3] Some mention appears in the record that the original appraiser did not open the doors to the growing rooms.

buildings, structures or improvements on lands have been omitted in whole or in part from assessment and taxation they may be assessed as omitted property.

■        Here the growing rooms were included in the 1973 appraisal. The growing beds were an integral part of the growing rooms and were part of the real property. The growing rooms were valued and placed upon the assessment and tax rolls. The failure of the appraiser to include the beds in the growing rooms resulted in an undervaluation of the growing rooms and not an omission of any "buildings, structures or improvements" under the statute. *See Tradewell Stores, Inc. v. Snohomish County,* 69 Wash2d 352, 418 P2d 466 (1966); and *Star Iron & Steel Company v. Pierce County,* 5 Wash App 515, 488 P2d 776 (1971). Thus, beds 1-10, 30-39, 40-49, 55-65, and 67-68 are not subject to the additional taxes for the years 1975-1979. I find also that beds 11-22 built in 1975 were not reported as additions to the real property and subject to the additional taxes for 1976 to 1979, inclusive. Beds 79-104 built in 1978 have been conceded by plaintiff to be subject to the additional tax.