# IN THE OREGON TAX COURT

## MARION COUNTY ASSESSOR

*v.*

## DEPARTMENT OF REVENUE

(TC 2388)

Jackie Haggerty-Foster, Marion County Assistant Legal Counsel, Salem, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered July 22, 1986.

## CARL N. BYERS, Judge.

This case requires the court to interpret ORS 311.207. The parties have stipulated to the relevant underlying facts. To aid understanding herein, the parties are referred to as "the assessor" and "the department."

The subject of this dispute is a single-family residence originally constructed in 1973 containing 960 square feet. During a physical appraisal of the property in 1984, the assessor discovered that the owners had made substantial additions to the residence. The additions consist of 336 square feet added to the first floor and a second-story of 432 square feet, or 768 square feet of additional space. These additions were made without obtaining required building permits; consequently, the assessor had no notice of the additions. After discovering the additions, the assessor gave the owners of the property notice of his intent to add the additions to the rolls as "omitted" property under ORS 311.207. In response to the notice, the property owners met with the assessor but refused to provide any information as to when the additions were constructed or their cost. As a result, the assessor added to the roll his estimate of the value of the additions to the property. The property owners then appealed to the department. After a hearing, the department concluded that the failure of the assessor to include the value of the improvements initially was not an omission correctable under ORS 311.207 but was an undervaluation. Consequently, the department set aside and declared void the entire omitted property assessment and ordered the assessor to correct the rolls. The assessor then appealed to this court.

The property owners have made no appearance before the court and, although affected by its outcome, are not involved in this proceeding. The two parties are government agencies seeking an interpretation of ORS 311.207, both parties agreeing that what they seek is a workable rule.

■ The relevant portion of ORS 311.207 reads as follows:

"Whenever, after the return of the assessment rolls to the county assessor by the board of equalization, the assessor discovers or receives credible information, or if he has reason to believe that any real or personal property, * * * or any

*buildings, structures, improvements or timber on land previously assessed without the same,* has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last roll so returned he shall give notice as provided in ORS 311.209." (Emphasis added.)

The dispute between the parties turns on whether the words "in whole or in part" refer to whole "buildings, structures, improvements" or also includes portions thereof. The department contends that the statute permits the assessor to add as omitted property only discrete buildings, structures or improvements and not component parts. In opposition, the assessor contends that the language imposes no such limits and the reference to "buildings, structures, improvements" is simply illustrative of the kinds of properties which are subject to addition under the omitted property statute.

■ The emphasized clause quoted above was added to the statute in 1951. The court and counsel have been unable to find in legislative history or in legal research the reasons for such language. In the absence of any such guidance, the court must draw from the words of the statute itself, using the ordinary meaning of the words, the rule to be applied in this case. *State ex rel Nilsen v. Ore. Motor Ass'n.,* 248 Or 133, 432 P2d 512 (1967).

Prior to the 1951 amendment, the statute read as it is now save for the emphasized clause. Thus, it essentially provided that:

"Whenever * * * the assessor discovers * * * that any real or personal property * * * has from any cause been omitted, in whole or in part * * *."

The words "any" and "in part" convey an impression and intent to correct all errors due to omissions. These terms might be rearranged to say "any part of any real or personal property." The 1951 amendment added "or any buildings, structures, improvements or timber on land previously assessed without the same." This language adds an additional

descriptive category[1] which is more specific than the terms "any real or personal property." It may be that the more specific descriptions of property were added to make it clear that the general terms did not apply just to entire tax parcels. There is nothing, however, in the language to imply that only whole buildings or separate structures could be added as omitted property. Distilling the essential words makes it clear that it is the property which may be omitted in part: "Whenever * * * the assessor discovers * * * that any buildings, structures, improvements * * * has from any cause been omitted, in whole or in part, * * *." So read, the terms "in whole or in part" modify the words "buildings, structures, improvements."

Defendant contends, however, that if less than an entire or discrete building or structure has been omitted, as in this case, the addition of the omitted portion will require revaluation of the entire building, including that portion previously assessed.[2] This would, in effect, violate the rule or principle that prohibits the assessor from reevaluating the property. From a mechanical point of view, however, adding value to the roll for an addition to a building is no different than adding the value for an entire building. In either case, the assessor will simply indicate a higher number in the improvement column and in the total value. The assessment roll does not distinguish between several improvements which are on the same tax lots. It is true that ORS 311.211 indicates that the assessor shall add the omitted "property" with the proper "valuation" to the roll. However, where only a part of the property has been omitted, the only entry on the roll is the proper valuation and no entry is made of "property."

Such a rule would promote inequities. Under such a rule, a free-standing garage, unattached to a residence, could be added as omitted property but one which was attached to the residence could not be added. This would raise questions as to what constitutes a separate improvement. Is a garage attached to a house by a covered walkway a separate building?

---

[1] The language may be read as containing two categories, the first consisting of "any buildings, structures, improvements" and the second consisting of "timber on land previously assessed without the same."

[2] Even where there is more than one building on a tax lot it may be necessary to revalue a building already assessed due to the influence of the existence of the omitted building.

If a covered walkway makes it not a separate building, would an uncovered cement walkway have the same effect? The court does not believe the legislature intended that any property should escape taxation on such a basis. To the contrary, it seems clear that the legislature intended to correct all errors caused by omissions. If it is necessary to revalue an existing property because an addition had been omitted, such must be viewed as countenanced by the statute as an exception.

■ There are few past cases related to this issue. In *Olsen v. Commission,* 3 OTR 31 (1967), this court held that where an old residence was replaced by a new apartment building without knowledge of the assessor, the new apartment building could be added to the rolls as omitted property. In *Freightliner Corp. v. Dept. of Rev.,* 5 OTR 270 (1973), the court held that property omitted by a mistake of law as well as a mistake of fact could be added as omitted property and sustained the adding of property previously thought to be exempt. The most recent case is *West Foods v. Dept. of Rev.,* 10 OTR 7 (1985). That case comes closest to the facts at hand and deserves examination. In *West Foods,* the subject property was a mushroom plant that had been physically appraised in 1973 and in 1980. During the course of the 1980 appraisal, the assessor discovered that certain growing beds which were part of the buildings had not been assessed. Some of the beds had been constructed and added to the building after the 1973 appraisal and had not been reported to the assessor by the taxpayer as required by statute. The court found these beds to be omitted property and allowed the assessor to add them to the roll under ORS 311.207. However, the beds which were in existence when the property was appraised in 1973 were apparently just missed by the appraiser. As to those beds, the court held, at 11:

> "The growing beds were an integral part of the growing rooms and were part of the real property. The growing rooms were valued and placed upon the assessment and tax rolls. The failure of the appraiser to include the beds in the growing rooms resulted in an undervaluation of the growing rooms and not an omission of any 'buildings, structures or improvements' under the statute."

The *West Foods* case in its holding makes bare the bedrock issue in this case and that is how to distinguish an

undervaluation from an omission? If an appraiser undervalues a property because he or she failed to see or take into consideration some portion of that property, has that portion been "omitted" within the meaning of ORS 311.207? As the department correctly points out, if this is the rule, there never will be any finality to assessments (at least until they are more than five years old). On the other hand, the language of ORS 311.207 reflects an intent to provide that all taxable property be assessed and taxed and that any errors in the assessor's knowledge or perceptions be corrected.

■ ■    The holding of *West Foods* is that improvements which are in existence and an integral part of property which is physically appraised by an assessor may not be later revalued and added as omitted property under ORS 311.207. As a corollary, this court now holds that where such improvements are added to or made a part of other property *after* the other property has been physically appraised and are later discovered by the assessor, they may be subject to taxation as omitted property under ORS 311.207. Improvements not in existence at the time of appraisal cannot be deemed to have been undervalued.

In this case, it is clear from the stipulated facts that the improvements which the assessor has treated as omitted property were added to the original residence sometime between the time of its construction in 1973 and the assessor's physical appraisal in 1984. There is nothing in the record to indicate when the property was last physically appraised prior to 1984. However, once the assessor gives notice of intention to assess omitted property under ORS 311.209, the statute places the burden on the taxpayer to "show any good and sufficient cause why the assessment shall not be made." ORS 311.211. In this case the parties have stipulated that " [t]he owners in fact met with Assessor's staff, but refused to provide any information about when the additions were constructed, or obtaining the required building permits. Thereafter, on or about June 26, 1985, the assessor corrected the roll to reflect the value of the additions to the residence, and notified the owners of the roll correction." (Stipulation of Facts, at 2, lines 4-10.)

On these facts, the court finds that the subject

improvements were properly added as omitted property under ORS 311.207. The department's Opinion and Order No. 85-1829 is hereby set aside and held for naught. Costs to neither party.