ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
 I. INTRODUCTION
This matter comes before the court on cross-motions for summary judgment. Plaintiff Clackamas County (the county) appeals a decision in favor of Defendant Village at Main Street Phase II, LLC (taxpayer), issued by the Magistrate Division.
 II. STATEMENT OF FACTS
Both parties have stipulated to the following facts. Taxpayer owns the property known as Village at Main Street Phase II, identified in the records of the Clackamas County Assessor as Account Nos. 05003168 and 05008964 (the subject property). (Stip Facts at 2, ¶ 1.)[1] Taxpayer appeals the proposed addition by the county of omitted property value to the real market value and/or the maximum assessed value of the land value of the subject property. (Stip Facts at 2, ¶ 6.) The county physically inspected the subject property twice. (Stip Facts at 3, ¶¶ 8, 13, 14.) *Page 2 
The first inspection was to establish the value of the subject property for the 2005-06 tax year, and the second inspection was to establish the value of subject property for the 2006-07 tax year. (Id.)
The stipulated facts indicate that at the time of each inspection:
1. The buildings of the subject property were under construction; (Stip Facts at 3, ¶ 12(a), 4, ¶ 14(a).)
2. Taxpayer had made surface and underground site improvements to the subject property (the OSDs); (Stip Facts at 2, ¶ 2.)
3. The county appraiser had sufficient portions of the plans and specifications to be aware of the OSDs; (Stip Facts at 3, ¶ 8, 3-4, ¶ 13.)
4. The underground portion of the OSDs was in existence, substantially complete, and an integral part of the subject property; (Stip Facts at 3, ¶ 12(b), 4, ¶ 14(b).)
5. The surface portions of the OSDs were in existence, visible, substantially complete, and an integral part of the subject property; (Stip Facts at 3, ¶ 12(c), 4, ¶ 14(c).)
6. The county appraiser was aware of the existence of the OSDs because of his or her physical inspection of the subject property, inspection of plans and specifications, and the existing status of the construction of the buildings. (Stip Facts at 3, ¶ 12(d), 4, ¶ 14(d).)
Subsequent to the certification of the assessment rolls for the years at issue, the county discovered that the OSDs were not reflected on the tax roll. (Stip Facts at 2, ¶¶ 2, 3.) The county issued two Omitted Property Notices to taxpayer dated September 27, 2007. (Id.) The Omitted Property Notices stated the intent of the county to add the cost of the OSDs — a total of $1,028,677 — to the tax roll. (Stip Facts at 2, ¶¶ 2, 3.) Taxpayer timely and properly appealed. (Stip Facts at 2, ¶ 5.) The Magistrate Division issued a decision in favor of taxpayer on *Page 3 
October 28, 2008, holding that the OSDs of the subject property could not be added to the tax roll as omitted property.Village at Main Street Phase II, LLC v. Clackamas CountyAssessor, TC-MD No 070804D, WL 4767460 at *5 (Oct 28, 2008).[2]
Taxpayer contends that the failure of the county to take account of the OSDs is undervaluation of the land by the county, and the county is prohibited from adding additional value to the tax roll. (Def's Memo in Supp of Mot for Summ J at 8.) The county argues that the OSDs are omitted property, and that ORS 311.216 authorizes the addition to the tax roll of value associated with omitted property.[3] (See Ptf's Memo in Supp of Cross-Mot for Summ J its Opp'n to Defs Mot for Summ J at 3 (hereinafter Ptf's Memo).)
 III. ISSUE
May the county properly treat the OSDs of the subject property as omitted property?
 IV. ANALYSIS
A. Governing Statutes, Case Law, and Rules
ORS 311.205, in part, provides:
 "(1) After the assessor certifies the assessment and tax roll to the tax collector, the officer in charge of the roll may correct errors or omissions in the roll to conform to the facts, as follows:
 "* * * * * *Page 4 
 "(b) The officer may not correct an error in valuation judgment * * *. Such errors are those where the assessor would arrive at a different opinion of value. The officer may correct any other error or omission of any kind .
 "* * * * *
 "(3) A correction made pursuant to this section shall be made in whatever manner necessary to make the assessment, tax or other proceeding regular and valid. The correction shall be distinguishable upon the roll, shall include the date of the correction and shall identify the officer making the correction. Whenever a correction is to be made after the assessor has delivered the roll to the tax collector, the effect of which is to increase the assessment to which it relates, except where made by order of the department, the procedure prescribed in ORS 311.216 to 311.232 shall be followed; and the provisions therein with respect to appeals shall likewise apply."[4]
ORS 311.205 prohibits correcting errors in "valuation judgment,"[5] but contemplates and allows for the correction of omissions of property. Pursuant to ORS 311.205(3), if the correction is made after the assessor has delivered the roll to the tax collector, and the effect of the correction *Page 5 
is to increase the assessment, the omitted property provisions of ORS 311.216 to ORS 311.232 must be followed. ORS 311.216, in part, provides:
 "(1) Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property * * *, or any buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last certified roll, the assessor shall give notice as provided in ORS 311.219."
ORS 311.216 grants authority to the assessor to add the value of omitted real property including "any buildings, structures, improvements or timber" to the tax roll if that property "has from any cause been omitted, in whole or in part[.]" ORS 311.216(1). ORS 311.205 and ORS 311.216 must be read together. Thus, when the court addresses omitted property by examining the terms of ORS 311.216, the court must also be mindful of the prohibition on correcting valuation errors contained in ORS 311.205(1)(b).
Also of importance in the instant case are the statutory definitions of "real property" and "land." Under ORS 307.030, all real property in Oregon is subject to assessment and taxation. Under ORS 308.210(1), the value of all real and personal property is assessed, and that value is recorded on the tax roll. ORS 307.010(1)(b) defines "real property" to include the land itself as well as buildings, structures, and improvements. However, ORS 307.010, defining "real property," also separately defines land, as opposed to buildings, structures, improvements, and so forth. ORS 307.010(1)(a) defines "land" as including, for assessment purposes, "site development[s]." ORS 307.010(1)(a) further states that "site development[s]" include "fill, grading, leveling, underground utilities, underground utility connections and any other elements identified by rule of the Department of Revenue." Under OAR 150-307.010(2)(a)(A), the Department of Revenue (the department) further defines "site developments" as "improvements *Page 6 
to the land that become so intertwined with the land as to become inseparable." Onsite developments, defined within the same rule, "are land improvements within the site which support the buildings or other property uses," including such things as utility connections, water supply systems, and landscaping. OAR 150-307.010(2)(a)(A)(ii). At issue in the instant case are OSDs[6] that are a part of "the land" under ORS 307.010(1)(a).
Prior decisions of the court have addressed the tension between prohibited revaluations of property and permitted additions of omitted property. West Foods v. Department of Revenue,10 OTR 7 (1985), recognizes that undervaluation cannot be connected through the omitted property process. The court, previously toWest Foods, recognized the converse — that omissions not connected to undervaluations may be remedied. Olsen v. State TaxComm'n, 3 OTR 31 (1967).[7] The court, reaffirming the principle in West Foods, found property to have been omitted when an item of property was not reflected in the tax roll and was not itself an "integral part" or land or an improvement to land.See Miller, 16 OTR at 6. Further, where improvements are not in existence at the time of the physical inspection, those improvements may be added to the tax roll as omitted property. See MarionCounty Assessor v. Dept. of Rev., 10 OTR 265, 270 (1986).
West Foods prohibits treatment of undervalued property as omitted property. 10 OTR at 11. Undervaluation occurred inWest Foods when the county appraiser physically inspected a *Page 7 
building used to grow mushrooms and neglected to assign value to some of the fixtures, specifically, mushroom growing beds, within the building. Id. at 10. In West Foods, the court found that "the growing beds and the buildings housing the beds are a single economic unit and are part of the realty." Id. at 9. Thus, by failing to add value for the growing beds, the appraiser undervalued the mushroom growing building by neglecting to account for this "integral part" of the building itself. Seeid. at 11. West Foods created a two-prong test for determining whether property was omitted or undervalued. Seeid. Under West Foods, if a county contends property was omitted, and that property was (1) in existence at the time of an appraisal and (2) an "integral part" of property that was physically appraised, that property is undervalued, not omitted.Id. at 11; see also Marion County Assessor,10 OTR at 270 (summarizing the holding of West Foods).
When the question is whether an entire building or other item of property is omitted, Miller v. Department of Revenue
applies. 16 OTR 4. Miller is a case that stands for the principle that buildings and improvements that have never been assessed, or, having been assessed before, were omitted from the tax roll "`from any cause,'" may properly be added to the tax roll as omitted property. Id. at 7 (quoting ORS 311.216).Miller involved a barn — a separate structure — that was initially on the tax roll, but later completely omitted from the tax roll. Id. at 5. This barn was later added back onto the tax roll as omitted property. Id. Miller distinguishes its holding from West Foods and the principle of undervalued property.Id. at 6-7. The barn in Miller was not an "integral part" of any of the property that was certified on the tax roll. Seeid. at 7-8. Rather, the barn was a distinct piece of the property and not included on the roll at all. Id. at 8. Marion CountyAssessor v. Department of Revenue is also consistent with the court's holding in Miller. See 10 OTR 265. In MarionCounty Assessor, an addition to a residence was *Page 8 
treated as omitted property. Id. at 270-71. The addition was added to the residence after the residence was initially built, but several years before the next physical inspection of the property.Id. at 266. The addition was added to the tax roll as omitted property because the addition was neither "in existence" nor an "integral part" of any property subjected to physical inspection until the property was next appraised several years after the addition was built. See id. at 270-71.
In the year following West Foods, the department promulgated OAR 150-311.216(2)(b):
 "Improvements which are in existence and are an integral part of property which is physically appraised by an assessor may not later be revalued and added as omitted property under ORS 311.216. Undervaluation of a property due to failure to consider a portion of the property is not omitted property correctable under ORS 311.216."
OAR 150-311.216(2)(b) (emphasis added). OAR 150-311.216(2)(b) adopts the test in West Foods.
Here, the rule of the department is much more than the statement of a position by a litigant. The property tax system is a statewide system, generally administered at the county level of government.See generally ORS 308.205 to 308.343. In the property tax system, the department has a special role. The department "supervises the entire system and the actions of the county officials." Pub. Utils. Dist. No. 1 v. Dept. of Rev.,17 OTR 290, 296 (2004) (citing ORS 306.115). "The department has substantial powers, the goal for the exercise of which is uniformity and compliance with law by local officials." Id.[8]
OAR 150-311.216(2)(b) represents the adoption by the department of the West Foods analysis for use by county officials in uniform application of the property tax laws of this state. *Page 9 
B. Application of Statutes, Cases and Rules
This case is governed by West Foods and the rule of the department. Here, the county assessor physically inspected the subject property twice and included the land on the tax roll. At the time of each inspection, the OSDs existed and were known to the county appraiser.[9] The value assigned to taxpayer's land did not reflect the value of the OSDs on and within the land. The stipulated facts indicate that the two-prong test set forth inWest Foods is satisfied. The OSDs were in existence at the time of the inspection. The OSDs were also an "integral part" of land that was inspected — the land that the county appraised and included on the tax roll. As provided under ORS 307.010(1)(a), OSDs are, by statute, considered a part of "the land" for appraisal purposes. When the appraiser conducted a physical inspection of the subject property and assigned a value to the land that did not account for the OSDs, the appraiser made an "error in valuation judgment," but he did not omit "the land."
The county here argues that Miller limits the rule inWest Foods only to "buildings and structures." (Ptf's Memo at 6.) While the facts in West Foods pertained to a structure and whether growing beds affixed inside that structure were "part of the realty," the case is properly applied to other "integral parts" of property that a county physically inspected and included on the roll. Citing West Foods, Miller
acknowledged that "Oregon case law makes clear that overlooked fixtures in a physical appraisal may not be added as omitted property * * *." Miller, 16 OTR at 7 n. 3. Miller
expressed no such limitation of West Foods as suggested by the county.
The county raises a number of other arguments and alternative interpretations of the governing statutes. The county raises several arguments in an attempt to persuade the court to *Page 10 
treat the instant case under Miller. The county further makes a number of attacks on the West Foods analysis. For the reasons discussed above, none of these arguments are well taken.
Relying on the wording of ORS 311.216(1), which addresses property omitted "in whole or in part," the county argues that the OSDs are "a part" of the land and are therefore property omitted "in part." The problem with this argument is that, carried to its logical conclusion, the argument would permit a change in the tax roll and revaluation of property whenever a county alleged that an appraiser had overlooked some component or aspect of property placed on the roll. The position of the county is contrary to the specific language in ORS 311.205 that limits changes to the tax roll and does not allow for correction of errors in valuation judgment.
A border must exist between valuation judgment and omission if the statutory goal of finality for certified tax rolls is to be met. The rule in West Foods is necessary to define that border.West Foods and other cases, as described above, provide guidance as to when "errors in valuation judgment" have occurred. In resolving a case such as the instant one, the court looks to what was on the tax roll and all the "integral parts" of the property on the tax roll. See West Foods, 10 OTR at 10. The land was included on the tax roll. The OSDs are integral to the land — indeed, the OSDs are statutorily included in the definition of "land." See ORS 307.010(1). By reason of the failure of the county to fully account for the OSDs in its valuation of the land on the tax roll, the county undervalued the land. Miller does not govern the instant case because Miller treats an entire improvement that was omitted and not an "integral part" of any other property on the roll.[10] Nor is this a case where the "integral parts" or other property at issue were added after the physical inspection of the property, as was the case in Marion CountyAssessor. See 10 OTR 265. The OSDs were in existence at the time of the physical inspection of the *Page 11 
subject property and were an "integral part" of the land. This case is governed by West Foods, and this court reaffirmsWest Foods.
The county points out that, by reason of the provisions of Article XI, section 11 of the Oregon Constitution (Measure 50), the failure of the initial roll to include the OSDs will result in a permanent exclusion of that value from taxation. (See Ptf's Memo at 16.) The county describes this result as "inequitable." (Id.) It is true that situations may exist where statutory limitations and constitutional provisions can, together, have such an effect. See, e.g., Ellis v. Lorati, 14 OTR 525, 535 (1999). However, the court is not empowered to ameliorate such results. That power rests with the legislature or the people of Oregon.
 V. CONCLUSION
The county failed to include the value of the OSDs as part of "the land" after a county appraiser inspected the subject property on two separate occasions, resulting in an undervaluation, not an omission. The county may not add the OSDs to the tax roll as omitted property.
Now, therefore,
IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.
IT IS FURTHER ORDERED that Plaintiff's Cross-Motion for Summary Judgment is denied.
Dated this ___ day of September, 2009.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPT ONSEPTEMBER, 1, 2009, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] The stipulated facts of the parties are located in Defendant's Memorandum in Support of Motion for Summary Judgment, but will be referred to as "Stip Facts."
[2] Taxpayer additionally appealed the value assigned to improvements, but these cases are currently abated in the Magistrate Division of the Oregon Tax Court, pending resolution of the instant case. (TC-MD 070501D and TC-MD 070502D.)
[3] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2005.
[4] On September 27, 2007, the same day the county issued the Omitted Property Notices to taxpayer, an amendment to ORS 311.205(1)(b) became effective. Or Laws 2007, ch 590, § 2. The amendment modified the prohibition on correcting errors in "valuation judgment" by allowing county assessors some latitude in correcting errors in valuation judgments. Id. However, such adjustments are allowed only if an appeal has been filed in the Oregon Tax Court, and the modification on the tax roll results ina reduction of the tax owed. Id. The amendment modified ORS 311.205(1)(b) to state: "The officer may correct an error in valuation judgment at any time in any account when an appeal has been filed in the tax court alleging that the value on the roll is incorrect, if the correction results in a reduction of the taxowed on the account." (Emphasis added). It is apparent from the legislative history of this amendment that the legislature had no intention of allowing counties to increase the value of property in the case of undervaluation. The amendment only grantsa county the authority to change the value on the roll in thecase of overvaluation of a property. See Audio, Senate Finance and Revenue Committee, SB 814, Apr 18, 2007, 35:50 (testimony of Randy Walruff, Multnomah County Assessor), available at
http://www.leg.state.or.us/listn/; see also Testimony of Randy Walruff, Multnomah County Assessor, Senate Finance and Revenue Committee, SB 814, Apr 18, 2007, Ex K (SB 814: Multnomah County proposes a Revision to ORS 311.205). Whether the amendment applies to the instant case as a matter of timing need not be addressed because the amendment only addresses overvaluation and thus has no effect on the outcome of the instant case.
[5] The prohibition on correcting errors in valuation judgment was added to ORS 311.205 in 1977. Or Laws 1977, ch 606, § 2. The legislative history of this amendment to ORS 311.205 indicates that the amendment was an effort to provide "clear statutory guidelines for the assessor to follow in correcting errors on the tax roll." See Measure Analyses Statement, House Committee on Revenue and School Finance, SB 199, June 27, 1977. In addition, the amendment represents "the blending of the current law and current legal opinion concerning correction of errors on the tax roll." Id. Prior to 1977, the court had indicated that revaluation could not be accomplished through use of the omitted property statutes. See Olsen v. State Tax Comm'n,3 OTR 31, 32 (1967).
[6] The parties stipulated that the site improvements at issue are surface and underground site improvements collectively known as OSDs. (Stip Facts at 2, ¶ 2.) Those site improvements fit within the definitions of OSDs set forth in ORS 307.010(1)(a) and OAR 150-307.010(2)(a)(A).
[7] Other jurisdictions recognize this principle as well. In interpreting a very similar statute in Washington, the Washington Court of Appeals prohibited a county assessor from adding value to the tax roll by an omitted property assessment because the court found that no property had actually been omitted, onlyvalue was omitted from the assessment. Star Iron SteelCompany v. Pierce County,5 Wash App 515, 518-19, 488 P2d 776, 779-80 (1971), adopted by81 Wash 2d 680, 504 P2d 770 (1972), overruled in part on othergrounds by Timber Traders, Inc. v. Johnston,87 Wash 2d 42, 548 P2d 1080 (1976). The court found that such an addition of value constituted reassessment and was thus an impermissible use of the omitted property statute. See id; seealso Tradewell Stores, Inc. v. Snohomish County,69 Wash2d 352, 418 P2d 466 (1966) (a tax assessor may not reassess omitted value of listed property on the tax rolls).
[8] Indeed, the proper interpretation and application of the omitted property rule can become a dispute between a county and the department in which the taxpayer does not participate. See MarionCounty Assessor, 10 OTR 265.
[9] The county attempts to escape the holding ofWest Foods by arguing that its second valuation of the land involved only trending of values. (Decl of Joe Honl in Supp of Ptf's Cross-Mot for Summ J at 1.) It does not, and cannot, however deny that, in each year, the land was placed on the tax roll with the OSDs substantially complete.
[10] For example, if the barn had been on the tax roll, but milking fixtures within the barn were not considered, the case would have been governed by West Foods.