IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ROBERT D. WALWYN and CAROLYN J.  )
WALWYN, TRUSTEES UNDER TRUST   )
AGREEMENT DATED JUNE 6, 2007,   )
               )
    Plaintiffs,     )  TC-MD 130454N
               )
  v.          )
               )
LANE COUNTY ASSESSOR,     )
               )
    Defendant.    )  **FINAL DECISION**

The court entered its Decision in the above-entitled matter on March 10, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

This matter is before the court on Plaintiffs' Motion for Summary Judgment (Motion), filed December 4, 2013. Defendant filed its Response on January 2, 2014. Plaintiffs filed their Reply on January 16, 2014. Oral argument was held by telephone on January 29, 2014. David E. Carmichael, Attorney at Law, appeared on behalf of Plaintiffs. Bryce Krehbiel (Krehbiel), Residential Appraiser 3, appeared on behalf of Defendant. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

Plaintiffs appeal Defendant's omitted property assessment, dated June 5, 2013, increasing the real market value and maximum assessed value of property identified as Account 1552049 (subject property) for the 2007-08 to 2012-13 tax years. (Ptfs' Compl at 7.) The subject property is a single-family residence that includes a garage connected to the house by a

breezeway. (Decl of Robert D. Walwyn at 2, ¶ 4.) The subject property's garage was originally constructed as a detached garage in 1999 or 2000. (*Id.* at ¶¶ 3-4; *see also* Ptfs' Motion, Ex 2 at 1-2 (permits for unattached garage).) A breezeway connecting the garage to the house and a living area above the garage were added in 2005. (*Id.*) Plaintiffs obtained permits for the improvements made in 2005 and the improvements were inspected and approved in 2005. (Ptfs' Motion, Ex 3 at 1-2; 5 (permits for "ADD/ALT OF PORCH-DECK/GAR. MOD./BREEZW").) Defendant inspected the subject property on May 18, 2006, and issued a notice of omitted property assessment to Plaintiffs on May 30, 2006. (Ptfs' Motion, Ex 1 at 1.) The May 30, 2006, notice states that Defendant added "value for home and paving." (*Id.*)

Defendant acknowledges that it "appraised the subject property on May 18, 2006[,]" and asserts "that appraisal did not include the detached garage, the breezeway between the garage and the house, or the improvements to interior of the garage." (Def's Resp at 1-2.) Krehbiel stated at oral argument that Defendant does not dispute that the garage was complete at the time of the May 2006 appraisal. He acknowledged that the garage is plainly visible and was unable to provide any explanation as to how it could have been missed during an inspection.

Based on its determination that the garage with a studio living area and breezeway to the house ("garage," collectively) had been omitted from the tax and assessment rolls, Defendant issued an omitted property assessment, dated June 5, 2013, adding value to the subject property for the 2007-08 to 2012-13 tax years. (Ptfs' Compl at 7.) The omitted property notice stated that value was added for a "[d]etached garage with living above." (*Id.* at 8.) Plaintiffs challenge the omitted property assessment, asserting that "[a]ny purported failure by the appraiser to include the garage, studio and breezeway * * * results in an undervaluation not an omission of any 'buildings, strictures [*sic*] or improvements'." (Ptfs' Motion at 4.)

## II. ANALYSIS

The issue before the court is whether the subject property's garage was omitted property that may be added to the tax and assessment rolls for the 2007-08 to 2012-13 tax year under ORS 311.216,[1] even though the garage was in existence at the time of Defendant's physical inspection and appraisal of the subject property in May 2006.

A.      *Standard for Summary Judgment*

Plaintiffs filed a Motion for Summary Judgment. The standard for summary judgment is provided by Tax Court Rule (TCR) 47,[2] which states in pertinent part:

> "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

This matter involves a factual dispute of whether the garage was omitted from the tax and assessment rolls. Krehbiel stated at oral argument that Defendant's records for the subject property did not include a sketch or a description of the subject property's garage, leading Defendant to the conclusion that the property was omitted. However, Defendant failed to offer any evidence supporting that assertion. TCR 47 C instructs the court to view the facts in a light most favorable to the adverse party, which is Defendant in this case. Thus, for purposes of ruling on Plaintiffs' Motion, the court accepts Defendant's contention that its records did not include a sketch or description of the garage.

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

[2] TCR 47 is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

B.       *Omitted Property vs. Undervaluation*

Defendant increased the subject property's real market value and maximum assessed value based on the alleged omission of the garage pursuant to ORS 311.216(1), which states:

> "Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property, including property subject to assessment by the Department of Revenue, or any buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last certified roll, the assessor shall give notice as provided in ORS 311.219."

The court begins its analysis of ORS 311.216(1) with the Oregon Supreme Court's decision in *Clackamas Cty Assessor v. Village at Main St. Phase II*, (*Village at Main Street*), 349 Or 330, 333-34, 245 P3d 81 (2010), in which "the assessor sought to add the value of the site developments to the assessment roll as 'omitted property' under ORS 311.216[,]" although the site developments had been in existence during the assessor's previous physical inspections. The court explained the narrow issue was one "of statutory interpretation—does the statutory authorization to add property to the assessment roll that has been omitted 'in part' apply to an integral part of property that is listed on the assessment roll." *Id.* at 336.

The court reviewed the text and context of ORS 311.216(1), including cases from other jurisdictions, concluding "[i]t follows from the Indiana cases decided before 1907 that, for property to qualify as 'omitted property,' the property must be 'distinct, definite, and recognizable articles, which had not been listed * * * by the assessor.' "[3] *Id.* at 341 (citation omitted). The court was "persuaded that the 1907 Oregon legislature did not intend for the

/ / /

---

[3] The court explained that "the provision that, with some amendments, is now codified as ORS 311.216" was enacted in 1907. *Village at Main Street*, 349 Or at 337.

phrase 'in whole or in part' to authorize the assessor to include an integral part of property that the assessor already had listed on the assessment roll." *Id.* at 342.

The question becomes what is "an integral part of property" listed on the tax and assessment rolls. In *Village at Main Street*, the court explained that, when it was enacted, the omitted property statute reflected the practice at the time to list a value that "for real property included the value of both the land and any buildings or improvements on the land." *Id*. at 338. The statute was amended in 1951 to expand the definition of omitted property to allow the addition of "buildings, structures, improvements or timber on land previously assessed without the same." *Id.* at 342 (internal quotation marks omitted).

It is clear that for purposes of the omitted property statute, the land and improvements are considered separately. *See Miller v. Dept. of Rev.* (*Miller*), 16 OTR 4, 7 (2001) ("Oregon law provides that within the category of real property, buildings, structures, and improvements are analyzed separately from land"). That is consistent with ORS 308.215(1), which requires the assessor to "set down in the assessment roll" for each parcel of real property "[t]he real market value of the land" separate from "[t]he real market value of all buildings, structures and improvements thereon." *See also Nepom v. Dept. of Revenue*, 272 Or 249, 254, 536 P2d 496 (1975) ("[o]ur statutes specifically require the assessor to separate the value of the land and improvements on the assessment roll").

The specific question, then, is whether the garage was an integral a part of the subject property's improvements. In *Village at Main Street*, the court "infer[red] from [the] statutory directive [that land includes site developments] that the site developments are an integral part of the land." 349 Or at 346. The court concluded, "[i]t follows that the site developments come

/ / /

within the general rule that we draw from the 1907 statute—that an integral part of property, which is listed on the assessment roll, does not qualify as omitted property." *Id.*

Here, as in *Village at Main Street*, the garage is not separately stated on the tax and assessment rolls from the subject property's improvements; rather, one real market value is stated for the subject property's buildings, structures, and improvements. To put it another way, the garage is not distinct or separate from the subject property's other improvements for purposes of stating the real market value on the tax and assessment rolls. There is no dispute that the tax and assessment rolls included a real market value for the subject property's improvements for each of the tax years listed on the omitted property notice. (Ptfs' Compl at 8.) The garage was an integral part of the subject property's improvements. Because the garage was in existence as of Defendant's May 2006 physical inspection and appraisal of the subject property, the court concludes that Defendant undervalued rather than omitted the garage.

Defendant argues that the lack of a sketch or description of the garage in Defendant's records proves that the garage was omitted. Even accepting Defendant's contention that its records did not include a sketch or description of the garage, that is not sufficient to establish that the garage was omitted. *See, e.g., Fox v. Washington County Assessor* (*Fox*), TC-MD No 050711E, WL 734876 at *2 (Feb 28, 2006) ("Although there are no notes or drawings showing the addition, an appraiser visited the property in 1984 and confirmed its completion. * * * It is quite possible the appraiser included value for the addition, yet failed to note the additional square footage in the drawings"). The fact that Defendant's appraiser inspected and appraised the subject property in May 2006 suggests that the real market value placed on the tax and assessment rolls at that time included the garage, absent persuasive evidence to the contrary.

/ / /

Defendant further argues that, under *Miller*, "the assessor could add the value of a free standing barn to the tax roll as omitted property." (Def's Resp at 2.) Defendant argues that this case is similar to *Miller* because "the detached garage is a free standing building." (*Id*.) In *Miller*, the barn at issue "was assessed at one time in the 1980s" and, for reasons that were not clearly explained, "the barn was not on the assessment roll or assessed for the tax years 1995-96 through 1999-2000." 16 OTR at 5. Under those circumstances, the court concluded that the barn could be added as omitted property. *Id.* at 8. In this case, there is no allegation or evidence that the garage was included on the tax and assessment rolls and subsequently removed as the result of a clerical or other error. Rather, Defendant contends the garage was never included on the tax and assessment rolls despite the fact that Defendant inspected the subject property in May 2006 and placed a real market value of the subject property's improvements on the rolls at that time.[4]

This court has previously observed that "a tension exists between the policy of taxing property that has been omitted and providing finality to assessments." *Fox*, 2006 WL 734876 at *2.

> "[T]he bedrock issue in this case * * * is how to distinguish an undervaluation from an omission? If an appraiser undervalues a property because he or she failed to see or take into consideration some portion of that property, has that portion been 'omitted' within the meaning of [the omitted property statute]? As the department correctly points out, if this is the rule, there never will be any finality to assessments (at least until they are more than five years old). On the other hand, the language of [the omitted property statute] reflects an intent to provide that all taxable property be assessed and taxed and that any errors in the assessor's knowledge or perceptions be corrected."

*Marion County Assessor v. Dept. of Rev.* (*Marion County*), 10 OTR 265, 269 (1986).

---

[4] *See also Marion County Assessor v. Dept. of Rev.*, 10 OTR 265, 268-69 (1986), rejecting a rule under which "a free standing garage, unattached to a residence, could be added as omitted property but one which was attached to the residence could not be added." Thus, whether the garage was a free standing structure is not relevant to the determination of whether it was omitted from the property tax and assessment rolls or, rather, undervalued.

Plaintiffs provided evidence that it obtained permits for the garage, both initially when the garage was constructed in 1999 or 2000 and again when the studio living area and breezeway were added in 2005. Defendant acknowledged that it made a physical inspection of the subject property in 2006 and, in fact, added omitted property at that time. Even if Defendant failed to include a sketch or description of the garage in its records, the court is not persuaded under those facts that the garage was omitted, rather than undervalued, by Defendant.

Finally, the court notes that the result in this case would likely be different if Defendant had not previously inspected and appraised the subject property in May 2006.

> "As a corollary [to the holding in *West Foods v. Dept. of Rev.*, 10 OTR 7 (1985)], this court now holds that where such improvements are added to or made a part of other property *after* the other property has been physically appraised and are later discovered by the assessor, they may be subject to taxation as omitted property under [the omitted property statute]. Improvements not in existence at the time of appraisal cannot be deemed to have been undervalued."

*Marion County*, 10 OTR at 270 (emphasis in original). A garage, whether attached or detached, is the type of property that *could be* added to the tax and assessment rolls as omitted property. The court is not persuaded in this case that the garage was omitted rather than undervalued.

## III. CONCLUSION

After careful consideration, the court concludes that the subject property's garage was not omitted from the tax and assessment rolls for property identified as Account 1552049, but rather, undervalued. Plaintiffs' Motion for Summary Judgment is granted. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Summary Judgment is granted.

Dated this ____ day of March 2014.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on March 27, 2014. The court filed and entered this document on March 27, 2014.*