# IN THE TAX COURT OF THE
## STATE OF OREGON

Emma E. TAYLOR
and Eugene E. Feltz

*v.*

## CLACKAMAS COUNTY ASSESSOR
*and*
## DEPARTMENT OF REVENUE,
*Intervenor*
(TC 4302)

Eugene E. Feltz, Palmer, Feltz, Smith & McDonald, Portland, represented Plaintiffs (taxpayers).

Susie L. Huva, Assistant County Counsel, Clackamas County Counsel, Oregon City, did not respond to Plaintiffs' Motion for Reconsideration on behalf of Defendant Clackamas County Assessor.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented Intervenor (the department).

decision (14 OTR 504 (1999)) withdrawn January 10, 2000.

## CARL N. BYERS, Judge.

Both Plaintiffs (taxpayers) and Intervenor (the department) seek reconsideration of the court's order granting Clackamas County's and the Department of Revenue's motions for summary judgment. The court will address each party's position separately. Inasmuch as the department objects to the order granting its motion, the court will address its concerns first.

The department contends that the court's interpretation of "unit of property" as used in Article XI, section 11(1)(a), of the Oregon Constitution, is both unnecessary and in error. The department argues that the court's conclusion is unnecessary because taxpayers seek a statutory remedy, not a constitutional remedy. The department asserts that the court need not construe the constitution but can restrict itself to the statutes. The court does not agree.

■ Taxpayers' Complaint specifically seeks relief under Oregon Laws 1997, chapter 541, section 2.[1] That section merely rephrases Article XI, section 11(1)(a), of the Oregon Constitution. While the legislature may enact such legislation, it is the court's responsibility to construe the constitution. The court notes that section 11(1)(a) is not a provision granting a right that the legislature may enlarge but may not diminish. Rather, it provides directions for determining maximum assessed value. The legislature may not vary from that direction in any way. Accordingly, the court must resort to the constitution in order to determine taxpayers' claim.

The department asserts that the court's conclusion is in error for a number of reasons. The department contends that "unit of property" can have many meanings and cites as an example ORS 307.010,[2] which defines real property as land *and* improvements. However, ORS chapter 307 addresses the taxable status of property, not the assessment of property. On the other hand, ORS chapter 308 addresses how property is to be assessed. ORS 308.115 directs that where improvements are owned separately from the land on which they are located, they are to be separately assessed and taxed in the name of the owner.

■ The department acknowledges that ORS 308.215 has long required the separate assessment of land and improvements. Furthermore, as amended by the 1997 Legislature, it specifically provides that land and improvements will each be assigned a real market value, a maximum

---

[1] Section 2 pertains to establishing a maximum assessed value for the tax year beginning July 1, 1997. That section is not codified. The determination of maximum assessed value for subsequent years is governed by chapter 541, section 6, which is codified as ORS 308.146.

[2] All references to the Oregon Revised Statutes are to 1997.

assessed value, and an assessed value. Nevertheless, the department believes that, due to haste in the legislative process, that specific requirement is a legislative error. The department argues that the legislature did not intend what it clearly said and seeks to introduce evidence of legislative intent. Even if true, the court cannot rewrite the statute. ORS 308.215 is neither ambiguous nor contradictory. Where the statutory language is clear and does not convey an absurd meaning or result, the court must accept it as it is written. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993).

■ The department argues that the constitution assumes "unit of property" will be defined by statute. The court finds problems with that argument. Measure 47 and its replacement Measure 50 were not adopted by the people out of any special trust in their elected representatives. There is no language in either Measure 50 or in the Voters' Pamphlet that indicates an intent to allow the legislature to determine the meaning of "unit of property." Also, there is no statutory definition. The department cannot rely on a definition that does not exist.

The department asserts that the definition of "unit of property" in ORS 310.160 may be appropriately applied to or under section 11(1)(a). However, ORS 310.160(1) does not purport to define a term used in the constitution. Rather, it defines unit of property:

> "* * * For purposes of determining whether the taxes on property to be imposed on any property exceed the limits imposed by section 11b, Article XI of the Oregon Constitution * * *."

■ The court suggests that a definition for purposes of applying a constitutional limitation on taxes (section 11b), is not appropriate for applying a constitutional provision (section 11(1)(a)) that limits assessments. Specifically, ORS 310.160(1) includes in its definition of unit of property:

> "* * * [A]ll contiguous property within a single code area in the county under common ownership that is used and appraised for a single integrated purpose, whether or not that property is taxed as a single account or multiple accounts."

That provision is not consistent with ORS 308.215, which requires separate assessments for each account. Similarly, ORS 310.160(5) provides:

> "In the case of land upon which an improvement is located, and the land and the improvement are owned by different persons, if the land and improvements are a single operating unit, the unit of property shall consist of the entire improved parcel."

Again, that is not consistent with ORS 308.115(3). Those examples illustrate the danger of taking a definition or concept from one chapter of the code and applying it to a provision in another chapter with a different purpose. Measure 50 imposes a maximum assessed value on property. ORS chapter 308 provides the methods of assessing property. Accordingly, Measure 50 and ORS chapter 308 must be viewed and construed together.

The department contends that construing "unit of property" to mean the assessable unit will create administrative problems. The department asserts that assessors have calculated maximum assessed value only on the total property in each tax account and may not have the information to calculate it separately.

ORS 308.215 has required the separate assessment of land and improvements since at least 1957. *See* Or Laws 1957, ch 324, § 2. The assessment in this case appears to have separately calculated a maximum assessed value for land and a maximum assessed value for improvements. The court has difficulty understanding how that presents any more challenge than previous separate assessments. Many properties are specially assessed for particular use, such as farm use, and have multiple values on the rolls. So far as the court can ascertain, its ruling is consistent with the practices and legislative scheme for the assessment of property for taxation.

Taxpayers' supplemental memorandum of law in response to the department's memorandum on the motion for reconsideration contends that the court erred by not considering land and improvements separately. Taxpayers argue that the court should compare the real market value of the

remaining improvements with the maximum assessed value of the improvements to determine the assessed value. Likewise, the court should compare the real market value of the land with the maximum assessed value of the land to determine the assessed value. Upon reconsideration, the court concludes that taxpayers are correct. If the "unit of property" is the assessable unit, as the court has concluded, then comparisons with real market value must be made on the same basis. ORS 308.146(2) states:

> "* * * [T]he assessed value of property to which this section applies shall equal the lessor of:
>
> > "(a)   The property's maximum assessed value; or
> >
> > "(b)   The property's real market value."

That statutory direction is consistent with Article XI, section 11(1)(f), of the Oregon Constitution, which provides that "each property's assessed value shall not exceed the property's real market value."

■   The department argues that Measure 50 was not intended to provide the lowest assessment for property, but only to provide a maximum or overall limit on assessments. What the voters may have intended, if they had sufficient knowledge to form an intent with regard to that question, is unknown. The court has no doubt that if the question were referred to the voters for decision, then they would choose the method that produces the lowest assessed value. However, that is not the controlling factor here. What does control is the fact that the limitations imposed by Measure 50 are overlaid on an existing system of assessing property for taxation. By choosing to tinker with the constitution on the subject of the assessment of property, the voters must be presumed to know something about the assessment system.

In examining the Stipulated Facts, the court finds that the real market value of the improvements as of July 1, 1997, was $177,890, while the calculated maximum assessed value was $281,475. Therefore, the assessed value as of July 1, 1997, must be $177,890. The Stipulated Facts also indicate that the real market value of the land as of July 1, 1997, was $488,660, while the calculated maximum assessed value was $367,415. Inasmuch as the maximum assessed value of the

land is less than the real market value, the maximum assessed value must be the assessed value, which results in the following total assessed value for the property:

Improvements - $177,890
Land - $367,415
Total Assessed Value - $545,305

Now, therefore,

IT IS ORDERED that the motions for reconsideration are granted and the court's Order on Cross Motions for Summary Judgment of January 13, 1999, is hereby modified. Judgment will be entered in accordance with this order. Taxpayers to recover their costs and disbursements.