**FLAVORLAND FOODS,**
now doing business as New Season Foods, Inc.,
*Plaintiff,*

*v.*

**WASHINGTON COUNTY ASSESSOR,**
a political subdivision of the State of Oregon,
*Defendant,*

*and*

**DEPARTMENT OF REVENUE,**
*Defendant.*

(TC 4393)

Oral argument on cross motions for summary judgment was held June 19, 2000, in the courtroom of the Oregon Tax Court, Salem.

David L. Canary, Garvey, Schubert & Barer, Portland, argued the cause for Plaintiff (taxpayer).

Elmer Dickens, Assistant County Counsel, Washington County, Hillsboro, argued the cause for Defendant Washington County Assessor (the county).

James C. Wallace and Robert W. Muir, Assistant Attorneys General, Department of Justice, Salem, argued the cause for Defendant Department of Revenue (the department).

Decision for Plaintiff rendered July 19, 2000.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals the 1998-99 assessed value of its land in Washington County. Washington County (the county) and the Department of Revenue (the department) were named as Defendants and both filed Answers.[1] The parties have stipulated the facts and submitted the matter to the court on cross motions for summary judgment.

## FACTS

Taxpayer owns real property consisting of land and improvements in Washington County. Earlier, taxpayer appealed the assessed value of its property for the 1994-95, 1995-96, and 1996-97 tax years. Eventually taxpayer and the county stipulated to 1995-96 real market values as follows: land–$455,000, improvements–$3,267,820, total–$3,722,820. Based on that stipulation, the tax roll was corrected and the amounts indicated were placed on the 1995-96 tax roll.

For the 1998-99 tax year, taxpayer's property was assessed as follows: land–$691,130, improvements–$2,080,030, total–$2,771,160. Apparently the value of the land increased, but the value of the improvements had significantly declined. The assessor believed that the assessed value of the land could be increased up to its real market value so long as the total assessed value of the land and improvements did not exceed the total maximum assessed value from the prior year plus 3 percent. Taxpayer alleges that the county erred by calculating the maximum assessed value for the subject property based upon the total value of

---

[1] It appears both were named as Defendants because the county appraised the land and the department appraised the industrial-plant improvements. *See* ORS 305.560(1)(c)(A).

land and improvements. Taxpayer asserts that the maximum assessed value for the land should be separately calculated. If it is separately calculated, the maximum assessed value for the land for 1998-99 was $421,785.

## ISSUE

Does Article XI, section 11(1)(a), of the Oregon Constitution, require maximum assessed value to be separately calculated for land and improvements?

## ANALYSIS

■ This same issue was previously considered in *Taylor v. Clackamas County Assessor*, 14 OTR 504 (1999), *on recons* 14 OTR 581 (1999). Based upon the stipulation of the parties in that case and at their request, the court withdrew its opinions after they were published. Although the court withdrew its opinions in *Taylor*, its analysis and conclusions as set forth therein have not been repudiated. In this present appeal, the department seeks to persuade the court to change its views. The department contends that it is unnecessary to construe the Oregon Constitution and if the court must construe it, then the court should not insert words or find an intent that is not present.

After considering the written and oral arguments of the parties here, the court finds that its opinions in *Taylor* remain reflective of its analysis and conclusions. Therefore, the court adopts those opinions (to the extent applicable) here as an explanation of its decision in this case. In addition, the court will respond to some of the county's and the department's arguments made here.

The department asserts that in ascertaining the intent of the voters who adopted Measure 50, the court must be careful not to equate "taxpayers" with "voters" or to force an intent where one did not exist. The department asserts that because Measure 50 was a tax limitation measure, the voters who adopted it thought in terms of taxes. The department therefore concludes that because taxes are assessed on parcels that include both land and improvements combined, "unit of property" must mean the taxable unit.

The court acknowledges that Measure 50 was intended to limit property taxes and replaced Measure 47, a

property-tax limitation. However, that does not eliminate the distinctions that must be made. Measure 47 limited property taxes directly. In contrast, Measure 50 limits the assessments that may be imposed on property and the tax rates that may be used by tax-levying bodies. The department acknowledges that generic terms such as "unit of property" or "the property" can have different meanings when used in different contexts or for different purposes.

■     Article XI, section 11(1), of the Oregon Constitution, limits the assessments on "each unit of property." In asserting that this means taxable unit, the department ignores the fact that property is not assessed on a taxable-unit basis. The focus of the constitutional provision is on assessment, not taxation. Citizens can examine the assessor's records, the assessment roll, or their tax statements to determine the assessed value of their property. For many years all of those records have reflected separate assessments for land and improvements. The court will not presume that the public was ignorant of the taxing system that section 11(1) addresses. When the public approved limiting the assessed value of property, it must have intended that limitation be imposed upon that measure or unit of property upon which assessments are made.

If the court were to construe "unit of property" to mean a taxable unit, it would be in effect inserting a word into the Oregon Constitution. On the other hand, the constitution's use of the word "assessment" dictates that the limitation apply to the assessable unit.

In summary, terms such as "the property" or "unit of property" can have different meanings depending upon their context or purposes for which they are used. In this case, "unit of property" is used as the object of a limitation on assessed value. It would be inconsistent to treat that object as a different measure based upon a different function such as imposing taxes or tax liens. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Defendants' motions for summary judgment are denied. Costs to neither party.