This case involves the legal question of whether the demolition of a structure at the owner's request requires a reduction in the assessed value of the property. The parties have agreed to the facts set forth below and have asked the court to render a decision on the legal issue involved.
 I. STATEMENT OF FACTS
Plaintiff hired a local construction company to remove a 360 square foot cabin from his property, identified as Account 6629. The structure was demolished in November 2004. The cabin was removed because of severe damage to the structure caused by dry rot.
Defendant did not remove the real market value of the structure from the rolls for the 2005-06 tax year, which *Page 224 
had a January 1, 2005, assessment date, even though the cabin was removed before the assessment date. In fact, Plaintiff's property tax statement reflected an increase in the real market value of that building from $19,058 to $26,300. Plaintiff appealed to the county board of property tax appeals (board) and the board removed the improvement value, which decreased the real market value of the property from $259,496 to $233,196.[1] However, the maximum assessed value and assessed value remained unchanged at $135,640. Plaintiff requests that the assessed value be reduced to reflect the demolition of the structure. Defendant insists that the law does not allow for an adjustment to maximum assessed and assessed values under the facts of this case and therefore requests that Plaintiff's appeal be dismissed.[2]
 II. ANALYSIS 1-6. Prior to the adoption of Measure 50, the assessed value of property was generally the property's real market value.See ORS 308.232 (1995).[3] Thus, a reduction in real market value produced a corresponding reduction in assessed value. Measure 50 amended Oregon's constitution by establishing a new method for calculating assessed value and by capping the annual increase in assessed value to three percent. See Or Const, Art XI, § 11(1)(a) and (b). The primary mechanism for achieving that change was the concept of maximum assessed value, which, for the 1997-98 tax year, was 90 percent of the property's real market value on the assessment and tax rolls for the 1995-96 tax year (back two years less 10 percent).See Or Const, Art XI, § 11(1)(a). Thereafter, maximum assessed value cannot increase by more than three percent. See Or Const, Art XI, § 11(1)(b); ORS308.146(1). Under Measure 50, assessed value is the lesser of *Page 225 
the property's real market value or maximum assessed value.See Or Const, Art XI, § 11(1)(f) ORS 308.146(2).
7, 8. Neither the constitutional provision embodying Measure 50 nor the relevant statutory provisions implementing that measure make any provision for reducing maximum assessed value when, as here, a structure is voluntarily removed from the property by the owner. Such a result was possible under the court's decisions in Taylor v. Clackamas County Assessor,14 OTR 504 (1999) (Taylor I), modified on recons,14 OTR 581 (1999) (Taylor II), order withdrawn by order andjudgment, TC No 4302, WL 31987 (Jan 11, 2000). Before being withdrawn, Taylor I and Taylor II
collectively determined that maximum assessed value is to be separately calculated "for each unit of assessment;i.e., land, improvements, and personal property[,]"Taylor I, 14 OTR at 510, and that assessed value would be the composite of the lesser of the real market value or maximum assessed value of the land and the lesser of the real market value or maximum assessed value of the improvements.See Taylor II, 14 OTR at 585-87. That scheme, applied to the present case, would result in an assessed value based only on the maximum assessed value of Plaintiff's land, because the real market value of the improvements here is zero (because the building was removed before January 1, 2005). However, as indicated above, the Taylor decisions were withdrawn. Moreover, the Oregon Supreme Court subsequently issuedFlavorland Foods v. Washington County Assessor,334 Or 562, 54 P3d 582 (2002) (Flavorland Foods), which effectively overruled the Taylor decisions. The court in that case held that maximum assessed value is determined for all the property in the property tax account, rather than separately for land and improvements. See FlavorlandFoods, 334 Or at 575, 578.
9-11. Oddly, maximum assessed value can beincreased where new property is added to existing property, but there is no corresponding provision allowing for a decrease in maximum assessed value where an existing structure is voluntarily removed by the owner. See ORS308.153 (providing that the maximum assessed value of property that has been improved by the addition of new property or new improvements is the sum of the previous year's maximum assessed value increased by three percent and the market value of the *Page 226 
new property adjusted by the ratio of average maximum assessed value over average real market value).[4] ORS 308.153(2)(a) does provide for an offset where property is added and other property is removed.[5] Moreover, the maximum assessed value "shall be reduced to reflect the loss" where an existing building "is destroyed or damaged due to fire or act of God * * *." ORS 308.146(5)(a).
It could be argued that the building was damaged or destroyed by an act of God because the reason for the demolition of the cabin was dry rot. However, there is no evidence before the court as to the cause of the dry rot; whether it was due to prolonged exposure to the elements or faulty plumbing. Moreover, as this court noted in Chart Development Corp. v.Dept. of Rev., 17 OTR 170, 176 (2003) (citing Webster'sThird New Int'l Dictionary 22 (unabridged ed 1993)), "[t]he ordinary meaning of the term `act of God' is: `an extraordinary interruption by a natural cause (as a severe flood or earthquake) of the usual course of events that experience, prescience, or care cannot reasonably foresee or prevent — compare inevitable accident.'" The court concluded that "[t]he intentional razing of a building * * * is not due to an act of God." Id.
Plaintiff finds the disparity in the law between a building destroyed by fire and one voluntarily razed by the owner to be decidedly unfair and illogical. The court agrees that there is room for improvement in the governing law. However, any changes would have to come from the legislature and not the court.
12. This court has previously ruled that where a taxpayer moves a single family dwelling from one location to another, the constitutional and statutory framework of Measure 50 allow for an increase in the maximum assessed value of the property account representing the new location *Page 227 
of the home, but that the law does not allow for a decrease in the maximum assessed value of the property from which the home was removed. See Benson v. Columbia CountyAssessor, TC-MD No 020660B, WL 32104967 (Dec 23, 2002).
 III. CONCLUSION
For the reasons set forth above, the court concludes that the maximum assessed value and assessed value of the subject property cannot be reduced to reflect the removal of the structure from the property several months before the applicable assessment date. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's request for reduction in the assessed value of his property, Account 6629, is denied.
[1] All of the value is attributable to land.
[2] Dismissal is not appropriate because the court must render a determination on the substantive issue raised by the Complaint. Defendant's request is akin to a motion for summary judgment, although Defendant's representative is not an attorney and made no such formal motion. However, magistrates are not "bound by * * * formal rules of procedure," per ORS305.501(4)(a), and the court therefore decided to accede to the parties' wishes and resolve the appeal without the filing of a formal motion.
[3] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2003.
[4] In other words, the existing maximum assessed value (indexed upwards three percent) plus the maximum assessed value of the new property.
[5] The statute provides that "[t]he value of new property or new improvements shall equal the real market value of the new property or new improvements reduced (but not below zero) by the real market value of retirements from the property tax account." ORS 308.153(2)(a) (emphasis added); see Rodev. Deschutes County Assessor, TC-MD No 040238F, WL 2641359 (Oct 29, 2004). *Page 228