6                   August 7, 2012                   No. 2

## IN THE OREGON TAX COURT
## REGULAR DIVISION

## DOUGLAS COUNTY ASSESSOR,
*Plaintiff,*

*v.*

## Ralph L. CRAWFORD,
*Defendant.*

(TC 5076)

Plaintiff (the county) appealed from a Magistrate Division decision that removed exception value as assessed on Defendant (taxpayer)'s real property on the ground that the county had not properly complied with statutory requirements regarding omitted property. Taxpayer filed a motion to dismiss the county's complaint, and a brief trial was held on the initial question of whether or how the omitted property or other provisions of Oregon law applied to the actions of the assessor. In ordering the case to continue, the court ruled that the stipulation and facts established at the hearing were not conclusive on the question of when the improvements were done, therefore the court could not reach a decision as to whether the action of the county was correct, in whole or in part.

Trial was held July 10, 2012, in the courtroom of the Oregon Tax Court, Salem.

Paul E. Meyer, Douglas County Counsel filed the response and argued the cause for Plaintiff (the county).

Ralph L. Crawford, Defendant (taxpayer) filed the motion and argued the cause *pro se*.

Decision rendered August 7, 2012.

**HENRY C. BREITHAUPT, Judge.**

### I. INTRODUCTION

This matter is before the court on motions for an initial decision as to whether or how the omitted property or other provisions of Oregon law apply to the actions of the assessor in this matter. The facts have been stipulated or established at the hearing on this matter held on July 10, 2012.

### II. FACTS

Plaintiff (the county) added certain values to the assessment roll for the 2010-11 tax year attributable to

improvements made by Defendant (taxpayer) to structures that had been on the property at the time of the last physical appraisal of the property in 2000. The county assessment official involved in the case could not determine when the improvements had been made. The additions were treated as additional property in the tax account.

### III.   ISSUE

The issue is whether the actions of the assessor with respect to the improvements were valid under Oregon law.

### IV.   ANALYSIS

The actions of the county gave rise to additional real market value (RMV) being reflected in the property tax account. More importantly, it gave rise to "exception value," that is an addition of maximum assessed value (MAV) to the property tax account. Addition of an element of RMV to the account would not result in additional tax obligations unless the MAV of the account were also increased. This is because of the most basic rule of Article XI, section 11, of the Oregon Constitution (Measure 50) and its implementing statutes—that the assessed value (AV) of an account cannot exceed the MAV of the property in the account. The calculations are made on the basis of aggregate figures for all property in the account. *See*, ORS 308.142;[1] *Flavorland Foods v. Washington County Assessor*, 15 OTR 182 (2000).

The term "exception value" is a creature of Measure 50. It is not found in either the Constitution or statutes, but is a shorthand expression for the occasions triggering a calculation of the MAV for an account under an exception to the calculation rule of ORS 308.146(1). The county asserts that in determining the MAV for the account in question it is not limited to the calculation contained in ORS 308.146(1). The "exceptions" are found in ORS 308.146(3) and include, insofar as relevant to this opinion, occasions when property is new property or improvements, occasions when property is first taken into account as omitted property, and occasions when the property becomes disqualified from exemption. *See* ORS 308.146(3)(a), (d), and (e), respectively.

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009.

Taxpayer asserts that the county, in taking the action it did, should have followed the procedures applicable to omitted property. *See* ORS 311.216 to 311.232. The magistrate who heard this matter concluded that the county should have followed the omitted property procedures, relying on the facts she found and the analysis of the Magistrate Division decision in *Metzger v. Multnomah County Assessor*, TC-MD No 050231C, WL 1083378 (Apr 20, 2006). In *Metzger*, the court concluded that additions to the roll being prepared could be made only as to property or improvements that came into existence after January 1 of the prior assessment year.[2] Earlier additions would have to be made in accordance with the omitted property statutes.

The position of taxpayer and the magistrate is that, given the facts as proven in the Magistrate Division—that all improvements were made before January 1, 2009, the only exception value provision of ORS 308.146 available to the county is that applicable to omitted property. The county concedes that it did not follow the omitted property procedures. This proceeding is *de novo* and there has not so far been a stipulation or proof, in this division, of when the improvements in question were made.

The county asserts that it was not required to follow the omitted property procedures in adding an element of MAV, associated with the improvements, to the property tax account. Although the county does not appear to have said so explicitly, it appears that the county takes this position without regard to when the improvements in question were made. While the county is clear as to what it thinks it was not required to do procedurally, it is not clear as to what substantively in the statutes gave it the authority to add any increment of MAV to the property tax account in question here above and beyond the amount calculated under ORS 308.146(1).

In this proceeding, the county relies upon the decision in *Multnomah County Assessor v. Portland Devel. Comm. I*, 20 OTR 395 (2011) in concluding that it did not need to

---

[2] See ORS 308.007 for definitions of what is an assessment year as opposed to a tax year.

follow the omitted property procedures in adding value to the 2010-11 roll in the process of preparing that roll and before certification of that roll. In *Portland Devel. Comm. I* this court held that the county involved there did not need to follow omitted property procedural requirements when it concluded that property of the taxpayer was not exempt and proceeded to levy taxes on such property on the assessment and tax rolls being prepared for the tax year in question.

*Portland Devel. Comm. I* does not help the county. It is true that the county in that case, as the county here, was adding an element of MAV to the account for the year for which the roll was being prepared. However in *Portland Devel. Comm. I,* the county involved was doing so because of a change of its view as to whether the property was exempt. The county was relying on ORS 308.146(3)(e)—the statute addressing loss of exemption. The addition of MAV to the account did not depend upon any change in the physical nature of the property in the account. The change was rather one of the view of the county as to whether the ownership and use of a given amount of property was, or was not, exempt under Oregon law.

Here, the county does not purport to act under the provisions of ORS 308.146(3)(e) regarding disqualification from exemption. Nor does the county purport to act under the omitted property exception of ORS 308.146(3)(d). That leaves the county with a potential substantive source of authority only in ORS 308.146(3)(a), the provision permitting additions of elements of MAV in cases where there is "new property or new improvements to property" involved. *See* ORS 308.146(3)(a). As this authority only applies to property or improvements that are "new," the court must address what "new" means.[3]

There is no explicit statutory definition of what makes property or an improvement "new." There can be no

---

[3] There is no doubt that "new" in the context of ORS 308.146(3)(a) does not mean "newly discovered" or "newly added." "New" is an adjective and "newly" is an adverb. "New" qualifies the property or improvement whereas "newly discovered" or "newly added" qualify an action of the assessor. An action of the assessor cannot supply the authority for the action of the assessor.

doubt, however, that there is a temporal element in the concept of "new." The definition of "new" is:

> "[H]aving existed or having been made but a short time; having originated or occurred lately * * *."

*Webster's Third New Int'l Dictionary* 1522 (unabridged ed 2002). This definition suggests not only that something has existed for only a short time, but also implicitly suggests that if that something existed earlier than a measuring point in time, the item is not new.

The context of the statutes implementing Measure 50 support a conclusion that there is a temporal element involved in "new." They also supply a basis for concluding that a "new" improvement or "new" property is one that has come into being between January 1 of the preceding assessment year (in this case January 1, 2009) and January 1 of the current assessment year (in this case January 1, 2010). To the statutory provisions providing this context the court now turns.

The term "new property or new improvements" is defined in ORS 308.149(5)(a), which, in relevant part provides that the term means "changes in the value of property as the result of * * * [n]ew construction, reconstruction; major additions, remodeling, renovation or rehabilitation of property."

Excluded from the term, however is "minor construction." Minor construction is defined as "additions of real property improvements, the real market value of which does not exceed $10,000 *in any assessment year* or $25,000 for cumulative *additions made over five assessment years*." ORS 308.149(6) (emphasis supplied). Obviously, an annual period is important in this element of the statutory provision about new property. Further the annual period is the assessment year rather than the tax year.

Also relevant to this analysis is ORS 308.149(5)(c), which provides that the term "new property or new improvements" includes "taxable property that on *January 1 of the assessment year is located in a different tax code area than on January 1 of the preceding assessment year."* (Emphasis

added.) There is no indication in the statutes that what is true of property in a different code area, and therefore "new," would not also be true of improvements to property. That being true, it follows that the period during which something must come into existence in order to be "new" is the assessment year preceding the current assessment year.

The temporal element contained in ORS 308.149(5)(c) and ORS 308.149(6) is confirmed by ORS 308.153, which, in relevant part, provides, "If new property is added to the assessment roll or improvements are made to property *as of January 1 of the assessment year*, the maximum assessed value of the property shall be \*\*\*." (Emphasis added.) This language provides the end point of the period within which something can qualify as "new," at least for the annual calculation that must be made for the preparation of a roll. That end point is January 1 of the assessment year in respect of which the roll for the tax year is being prepared.

Taken together, all of the statutory provisions lead to the conclusion that the beginning point of the measuring period for a determination of what is "new" is one year prior to the assessment date for the year in question. Anything added before that, in this case before January 1, 2009, would, or should, have been taken into account as "new" on that earlier year roll and should not be treated as "new" in a later year.[4] The ending point of the period of measurement is January 1 of the current assessment year, in this case January 1, 2010. Property or improvements added after that time should be added as "new" property in the following assessment year.

Applying the foregoing to this case, in order for the improvements made by taxpayer to be added as new property or new improvements to the roll for the 2010 assessment year, they would have had to have come into existence between January 1, 2009, and January 1, 2010. They would

---

[4] If property or improvements added to the account prior to the preceding year were to later be included as new, a taxpayer could lose the benefit of properly computed MAV addition. That addition depends on the ratio of MAV to RMV of property of a similar class in the year in which the property is added to the roll. Getting the year wrong could result in using the wrong ratio. That would result in getting the MAV calculation wrong.

then have been "new" for purposes of the roll for the 2010-11 tax year. Any improvements made prior to January 1, 2009, can, subject to any other applicable provision of law, only be added to the roll or rolls in accordance with the omitted property statutes.

The county has argued that its actions in adding exception value on the 2010-11 roll are authorized by Measure 50, even though some or possibly all of the improvements were added before January 1, 2009. The county points to the provisions of Article XI, section 11(1)(d), of the Oregon Constitution, which provides that property is to be valued under the exception value provisions "only for the first tax year in which the changes described in paragraph (c) of this subsection are taken into account following the effective date of this section." The "changes described in (c)" are those including new property or improvements, omitted property, and loss of exemption of a property. However, the constitutional provision is a timing or transition rule designed to state when Measure 50 actions are to be taken. It does not alter or affect the requirement that, to be added to a roll being prepared after the effective date of Measure 50, new property or improvements must, in fact, be "new."

The stipulation and facts established at the hearing on this matter in this division of the court are not conclusive on the question of when the improvements were done. Therefore the court cannot reach a decision as to whether the action of the county was correct, in whole or in part.

If the county believes it can prove that some or all of the improvements were done during the period from January 1, 2009 to January 1, 2010, the county should inform the court that it desires to have trial on that issue. If the county accepts that the improvements were completed prior to January 1, 2009, the court is of the opinion that the actions of the county taken thus far were not valid.

In its presentations to the court, the county has stressed that the assessor was not aware of the improvements in question until during the calendar year 2010. It has also stated that the assessor did not know when the improvements were completed. The county argues that

these facts about, as it says, "what the assessor knew and when he knew it" somehow provide a basis for allowing the county to add exception value to the 2010-11 roll for all the improvements. Nothing in the statutes related to exception value makes the existence or timing of assessor knowledge a factor in determining in what situations the assessor may take exception value into account. It is only in the omitted property statutes that the state of the assessor's knowledge is relevant—and then only to determine when the duty of the assessor to make omitted property assessments arises. However, the assessor in this case does not rely on the omitted property statutes as a basis for adding exception value.

The county has indicated that if its addition to the 2010-11 roll was not proper, it may proceed with omitted property assessments. The court considers it appropriate to observe that the date of particular improvements may be important in determining on which tax roll an improvement may be added as omitted property. Under the omitted property statutes, an improvement could not be added to a roll before it was made. However, the omitted property statutes recognize that it may be added thereafter, subject to the time limitations of the omitted property regime.

The county has suggested in its presentations as to this preliminary ruling that doubt about the date of completion somehow made its addition of the property to the 2010-11 rolls proper or at least acceptable, even if the improvements were done in years prior to January 1, 2009. That is not the law. However, in the context of an omitted property assessment, if one is undertaken, all parties should understand that the burden of proof on any facts would be assigned according to ORS 305.427.

The hearing on this stage of the case also touched on the question of the proper application of the minor construction provisions, including the consideration of retirements and valuation issues. The court expresses no opinion on those matters as they were not briefed or argued at this stage of the case. Nor does the court express an opinion on how the exception value provisions relating to omitted property are to apply in any case in which the omission first occurred more than five years prior to the last certified roll.

## V.   CONCLUSION

Now, therefore,

IT IS ORDERED that this case will be continued taking into account this order.