IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| MARLO C. MEDELLIN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 140083C |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION** |

The court entered its Decision in the above-entitled matter on July 15, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

Plaintiff appeals the exception real market value (EV) and maximum assessed value (MAV) of property identified as Account R148472 (subject property) for the 2013-14 tax year. The court held an uncontested trial in the Oregon Tax Courtroom on July 7, 2014, following the court's Order filed June 11, 2014. The court denied Plaintiff's Motion for Default because, although Defendant failed to timely respond to Plaintiff's Complaint, Plaintiff's Complaint lacked the necessary competent evidence to carry the requisite burden of proof. Marlo Medellin appeared and testified on her own behalf.

Plaintiff's Exhibits 1 to 7 were admitted into evidence.

## I. STATEMENT OF FACTS

The subject property is located in the Grant Park neighborhood about three to four miles northeast of downtown Portland. (*See* Ptf's Exs 4 at 1, 6 at 1.) The neighborhood consists of one- and two-story single family homes of varying quality and designs. (Ptf's Ex 6 at 1.) The

subject property is a three bedroom residential home that was built in 1927 and has since been remodeled. (*Id.*)

Defendant determined that the real market value (RMV) of the subject property, as of January 1, 2013, was $591,330, with $190,000 allocated to the land and $401,330 to the structures. (Ptf's Ex 2 at 1.) Defendant also determined EV to be $33,750 and the MAV to be $313,560. (*Id.*) Further, Defendant calculated the assessed value (AV) to be $313,560. (*Id.*) Plaintiff appealed the determination by Defendant to the Multnomah County Board of Property Tax Appeals (Board) and the Board reduced RMV to $505,000, EV to $24,110, MAV to $306,840, and reduced the AV to $306,840. (*Id.*) Plaintiff timely appealed to this court. Plaintiff does not contest the EV valued at $24,110 that the Board determined but rather, requests that the EV be removed from the calculation of the MAV. (Ptf's Ex 1 at 1.)

Plaintiff testified that she made an offer on the subject property on October 22, 2012, and an appraisal of the subject property took place within a week of her offer. (*See* Ptf's Ex 6 at 1.) The appraiser determined that the kitchen and bathroom improvements on the house occurred six to ten years prior to the appraisal. (*Id.*) In addition, the appraiser noted that the subject property had been updated with a forced air gas furnace with central air conditioning, gas fireplaces, plumbing and electrical fixtures, tile floors, counters and backsplash in the kitchen, and a main level full bath. (*Id.*)

The subject property was listed for sale on the market in February of 2011. (Ptf's Ex 3 at 1.) Many of the improvements that the appraiser noted in the 2012 appraisal are listed on the 2011 listing of the subject property. (*See generally* Ptf's Ex 4.) Improvements mentioned on the 2011 listing include the forced air gas furnace with central air conditioning, two fireplaces, tile floors and a main level full bath. (*Id.*) Improvements not listed on the 2011 listing include the

plumbing and electrical fixtures, and the improvements to the kitchen. (*See id.*) Plaintiff testified that the finished lower level and air conditioning were some of the improvements the assessor used to calculate the subject property's EV. Both the finished lower level and the air conditioning were included on the 2011 listing of the subject property. (*Id.*)

The prior owners of the subject property were not able to sell the house in 2011 so they took it off the market until late 2012. (Ptf's Ex 5 at 1.) When the prior home owners listed the subject property again in 2012, the listing included all the same improvements that existed on the 2011 listing. (*See* Ptf's Ex 7 at 1.) Plaintiff testified that she moved into the subject property in November of 2012 and she has not made any improvements to the subject property since moving in. Plaintiff claims that because the improvements were made before 2012, the EV should not be included in the calculation of the subject property's MAV for the 2013-14 tax year. (Ptf's Ex 1 at 1.)

## II. ANALYSIS

A.    *Burden of Proof*

Because Plaintiff is the party seeking affirmative relief in this appeal, she must carry the burden of proof. To do so, Plaintiff must prove the EV was incorrectly added by Defendant (and subsequently reduced by the Board) "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev.*, TC No 4530, WL 914208 at *2 (July 12, 2001) (citing *Feves v. Dept. of Revenue*, 4 OTR 302 (1971)). Burden of proof requires that the Plaintiff provide evidence to support her argument.

/ / /

/ / /

/ / /

B.    *Exception Value*

Ordinarily a property's MAV can only be increased three percent per year.  ORS 308.146 (1).[1]  If there is "new property or new improvements to property," the MAV may increase by more than the allowable three percent.  ORS 308.146(3)(a).[2]  Exceptions to the general three percent limit on annual increases to a property's MAV are referred to as "exception value." Certain changes to property such as "[g]eneral ongoing maintenance and repair" and "[m]inor construction" are statutorily excluded from the definition of "new property or new improvements" to property, and cannot be used to increase a property's MAV.  ORS 308.149(5)(b);[3] *Magno v. Dept. of Rev.*, 19 OTR 51, 63 (2006).  "New property or new improvements" to the property that "exceed $10,000 in any assessment year or $25,000 for cumulative additions made over five assessment years" are considered exceptions and can be included in the calculation of MAV.[4]  ORS 308.149(6).  "New property or new improvements" to a property are only considered in the calculation of the MAV if the improvements took place within "one year prior to the assessment date for the year in question."  *Douglas County Assessor v. Crawford*, 21 OTR 6, 6-12 (2012) (the court struck down the assessor's addition of certain values to the rolls, including exception value, for the 2010-11 tax year attributable to

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

[2] ORS 308.146 provides in relevant part:

"(3) Notwithstanding subsections (1) and (2) of this section [which provide the general definitions of maximum assessed and assessed value], the maximum assessed value and assessed value of property shall be determined as provided in ORS 308.149 to 308.166 if:

(a) The property is new property or new improvements to property[.]"

[3] ORS 308.149(5)(b) provides in relevant part: "'New property or new improvements' does not include changes in the value of the property as the result of: (A) General ongoing maintenance and repair; or (B) Minor construction."

[4] ORS 308.149(6) provides in relevant part: "'Minor construction' means additions of real property improvements, the real market value of which does not exceed $10,000 in any assessment year or $25,000 for cumulative additions made over five assessment years."

improvements made by the taxpayer that were in existence at the time of the last physical appraisal of the property in 2000 because the evidence did not show that the improvements were made between January 1, 2009, and January 1, 2010).

Plaintiff claims that the improvements valued at $24,110 (exception RMV, or EV) should not be included in the calculation of the subject property's MAV for 2013 because the improvements were not made in 2012 but rather, were made prior to 2012. In support of that claim, Plaintiff notes that in October of 2012, the appraiser determined that the kitchen and bathroom improvements on the house occurred six to ten years. In addition to the kitchen and bathroom, the appraiser noted that there were many other improvements to the subject property. Most of the improvements the appraiser mentioned were included in the 2011 listing of the subject property. Plaintiff testified that the finished lower level and air conditioning were some of the improvements the assessor used to calculate the EV. Both the finished lower level and the air conditioning were included on the 2011 listing of the subject property. For the improvements to be listed on the 2011 listing, the improvements must have been completed prior to 2011. The totality of the evidence before the court shows that the improvements to the subject property were more likely than not to have been made before 2012. Because the improvements were not made within one year prior to the assessment date for the year in question, the EV should not be included in the calculation of the MAV for the 2013 assessment year.

### III. CONCLUSION

After carefully considering the evidence and applicable law, the court concludes that Plaintiff has established that there was no new property or new improvements to property justifying the addition of exception value for the 2013 assessment year (2013-14 tax year). Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant erred in adding exception value to Account R148472 for the 2013-14 tax year and that Plaintiff's appeal is therefore granted. The $24,110 exception value must therefore be removed and the property's maximum assessed value adjusted according to statute, reflecting removal of the exception value.

Dated this ____ day of August 2014.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Dan Robinson on August 4, 2014. The court filed and entered this document on August 4, 2014.*