IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

SHIRLEY A. DALE       )
and RICHARD O. DALE,     )
              )
    Plaintiffs,      )  TC-MD 120620D
              )
   v.          )
              )
LANE COUNTY ASSESSOR,   )
              )
    Defendant.     ) **DECISION**

   Plaintiffs appeal Defendant's Notice of Intention to Add Omitted Property for Account

#0898534 (subject property) for tax years 2006-07 through 2011-12, dated April 5, 2012.  A trial

was held in the Oregon Tax Courtroom, Salem, Oregon on Tuesday, February 19, 2013.

Richard O. Dale (Plaintiff) appeared and testified on behalf of Plaintiffs.  Bryce Krehbiel

(Krehbiel), Residential Appraiser 3, Lane County Department of Assessment & Taxation,

appeared and testified on behalf of Defendant.

   Plaintiffs' Exhibits A through H and Defendant's Exhibits A through R were received

without objection.

I.  STATEMENT OF FACTS

   Plaintiff testified that he purchased the subject property in 1968.  He testified that at the

time of his purchase a garage was located on the subject property.  Plaintiff testified that in 1997

he "jacked up the existing roof on the garage," added some "new trusses to expand the garage"

and lowered "the roof back down on the trusses."  He testified that he obtained a permit from the

City of Cottage Grove.  (Ptfs' Ex D; Def's Ex L.)  The permit stated that the garage was 650

square feet with a value of $10,575.50 and the addition was 120 square feet with a value of

$1,956.47 for a total value of $12,531.97 as of July 29, 1997.  (Ptfs' Ex D; Def's Ex L.)  Plaintiff

paid a permit fee of $233.55. (Ptfs' Ex D; Def's Ex L.) Plaintiff testified that his total out-of-pocket cost for the garage addition was "$450," stating that he "accepted some material in trade" for debts owed to him. Plaintiff testified that the "value" of the garage should be the city permit value of $12,531.97 as of 1997 increased three percent per year.

Krehbiel testified that Defendant did not have the garage on its property tax records. (Def's Exs J, M, N, O, P.) He testified that Defendant "discovered" the garage when Plaintiff filed building permits to repair fire damage in 2011. (Def's Ex K.) Krehbiel referenced Oregon Revised Statutes (ORS) 311.216 through 311.235, stating that when the assessor discovers omitted property the county has an "obligation to add the discovery of omitted property to the tax roll."

Krehbiel testified that he relied on the Oregon Department of Revenue cost factors that were adjusted for age, size and location to determine the real market value of the garage. (Def's Ex Q.) He testified that he determined a real market value and assessed value for the garage for each year, applying trend factors beginning in 2006-07 to the real market value and increasing the 2006-07 assessed value three percent per year.

## II. ANALYSIS

The first issue before the court is whether the garage was omitted property. ORS 311.216(1)[1] provides:

> "Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property, including property subject to assessment by the Department of Revenue, or any buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last certified roll, the assessor shall give notice as provided in ORS 311.219."

---

[1] References to the Oregon Revised Statutes (ORS) are to year 2009; references to the Oregon Administrative Rules (OAR) are to the current version.

The Department of Revenue promulgated an administrative rule to determine what constitutes property subject to assessment as omitted property. OAR 150-311.216 states, in part:

> "(1) Omitted property includes any real or personal property, or part thereof, that has been omitted from the certified assessment and tax roll for any reason. Omitted property may include, but is not limited to, a separate freestanding structure or improvement, an addition that increases the square footage of a structure or improvement, a remodel which increases a structure's real market value, or real or personal property machinery and equipment.
>
> "(2) Property may be added to the roll under ORS 311.216 if:
>
> "(a) Omitted due to the assessor's lack of knowledge of its existence,
>
> "(b) Improvements are added to or made a part of a property after that property has been physically appraised, and are later discovered by the assessor[.]"

It is clear that the law allows the assessor to add to the rolls the value of property previously omitted "from any cause." ORS 311.216(1). *See* also *Marion County Assessor v. Dept. of Rev.*, 10 OTR 265 (1986) (where taxpayer added onto house without building permit or informing assessor, subject property can be added as omitted property); *Olsen v. Commission*, 3 OTR 31 (1967) (assessor can add property value where old residence replaced by a new apartment building without knowledge of the assessor).

Plaintiffs argue that the garage existed in 1968 when they purchased the property and they increased the size of the garage in 1997. Krehbiel testified that the subject property was inspected in 1990 and there were no subsequent inspections until 2011. Defendant's records state that the living area was 1,514 as of its inspection on September 17, 1990, and there is no other recorded information. (Def's Ex M.) Defendant's subsequent records through 2006 do not report an attached garage. (Def's Ex N, O, P.) Based on Defendant's records, Plaintiffs have not been assessed property taxes for more than 40 years for their attached garage. Plaintiffs' garage is omitted property that can be added to the tax roll.

Having concluded that the garage was omitted property, the next issue before the court is

the 2006-07, 2007-08, 2008-09, 2009-10, 2010-11 and 2011-12 real market value of the garage located on the subject property. Real market value is the standard used throughout the ad valorem statutes except for special assessments. *See Richardson v. Clackamas County Assessor*, TC-MD No 020869D, WL 21263620, at *2 (Mar 26, 2003) (citing *Gangle v. Dept. of Rev.*, 13 OTR 343, 345 (1995)). Real market value is defined in ORS 308.205(1), which reads:

> "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."

There are three approaches of valuation (cost, income, and comparable sales) that must be considered in determining the real market value of a property even if one of the approaches is found to not be applicable. *Allen v. Dept. of Rev.*, 17 OTR 248, 252 (2003); ORS 308.205(2) and OAR 150-308.205-(A)(2).). Plaintiffs did not determine real market value using any of the three approaches. Defendant relied on the cost approach, using cost factors to determine the real market value of the garage as of January 1, 2006, and adjusted each subsequent year based on annual trend factors.

Plaintiffs have the burden of proof and must establish their case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990).

Plaintiffs offered no evidence of real market value. Plaintiffs relied on the city of Cottage Grove value. There is no evidence that the city of Cottage Grove value was real market value as defined by Oregon Revised Statute 308.205(1) as of the date of the permit. Plaintiff provided no testimony or evidence explaining how the city of Cottage Grove defined "value and how it

determined its value. Plaintiff urged the court to use the city of Cottage Grove value as "taxable value" rather than real market value. The issue before the court is real market value. Plaintiffs failed to carry their burden of proof.

Even though the burden has not shifted under ORS 305.427, the court has jurisdiction to determine the "real market value or correct valuation on the basis of the evidence before the court, without regard to the values pleaded by the parties." ORS 305.412. Defendant determined a January 1, 2006, real market value of $23,989. (Def's Ex C.) Defendant based its determination of real market value, using Oregon Department of Revenue cost factors that were adjusted. (Def's Ex Q.) Real market value of each of the subsequent years was adjusted by annual trend factors. Defendant's determination of real market value is supported by its evidence and Krehbiel's testimony.

Even though the issue before the court is real market value, Plaintiffs' appeal focused on the amount of their property tax. In Oregon, an owner's property tax is based on the lower of real market value or maximum assessed value. Plaintiff testified that the garage value of $12,531.97 determined by the city of Cottage Grove should be increased three percent per year and they should be taxed on that value. The court notes that if the $12,531.97 value was increased three percent per year the value would be approximately $16,000 as of January 1, 2006. That value is close to Defendant's January 1, 2006, assessed value of $17,146. Even though not supported by evidence, Plaintiffs' request gives support to Defendant's determination of assessed value, but not real market value.

### III. CONCLUSION

After careful review of the testimony and evidence, the court concludes that Plaintiffs failed to carry their burden of proof. Defendant offered sufficient evidence and testimony to

/ / /

support its determination.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ____ day of April, 2013.

_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Presiding Magistrate Jill A. Tanner on March 26, 2013.  The court filed and entered this Decision on March 26, 2013.*